IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| M. M. SILCOX, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | CIVIL ACTION NO. **H-04-1967** |
| | § | |
| FLAGSHIP MANAGEMENT, ET AL, | § | |
| | § | |
| Defendants. | § | |

### MEMORANDUM AND ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

Before the Court in this housing discrimination case is Defendant's Motion for Summary Judgment (Document No. 37). After having considered the motion, Plaintiff's response (Document No. 38), the summary judgment evidence, and the applicable law, the Court Orders[1], for the reasons set forth below, that Defendant's Motion for Summary Judgment is GRANTED.

### I.      Background

Pro se Plaintiff M. M. Silcox ("Silcox") asserts "racial, religious, and handicap discrimination" claims under 42 U.S.C. §§ 1983, 1985, 1986 and the U.S. Fair Housing Act, 42 U.S.C. §§ 3601-19, 3631. Silcox, a self-described "redneck" of mixed Western European and Native American heritage and adherent of the Wiccan religion, alleges Defendants discriminated against her in providing maintenance services and reasonable accommodations based on her religious beliefs, race/ethnicity, and disability. Silcox alleges in her Complaint with respect to her racial discrimination claims that she

---

[1] On February 15, 2005, upon the consent of all the parties, this case was transferred to the undersigned Magistrate Judge for all further proceedings.  *See* Document No. 30.

was denied access to complex services for being a "redneck" and that preferential treatment was afforded to Hispanic residents. Silcox further claims religious discrimination based on her Wiccan, non-Christian beliefs, which were disclosed to other community residents by management, causing those residents to avoid associating with her. Silcox's handicap discrimination claims stem from the allegedly inadequate parking accommodations provided to her by the apartment complex.

## II.     Arguments for Summary Judgment

Defendants argue that they are entitled to summary judgment on Silcox's civil rights claims because Silcox has not, and cannot, establish that Defendants are state actors. Defendants also argue they are entitled to summary judgment on Silcox's Fair Housing Act ("FHA") complaints because Silcox: (1) has not attempted to enter into any real estate transactions with defendants, (2) does not have standing, (3) was not discriminated against by Defendants, and (4) did not sustain an injury.

In response to Defendants' Motion for Summary Judgment, Silcox argues that private individuals may be held accountable for civil rights violations under 42 U.S.C. §1981. Silcox further argues that an apartment lease should be considered a real estate transaction under the FHA.

## III.    Summary Judgment Standard

Rule 56(c) of the Federal Rules of Civil Procedure provides that summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c). This standard provides that the mere existence of some factual dispute will not defeat a motion for summary

judgment. *See Krim v. BancTexas Group, Inc.,* 989 F.2d 1435, 1442 (5th Cir. 1993); *Thomas v. Price,* 975 F.2d 231, 235 (5th Cir. 1992). Rather, Rule 56 mandates that the fact dispute be genuine and material. *Willis v. Roche Biomedical Laboratories, Inc.,* 61 F.3d 313, 314 (5th Cir. 1995). The substantive law determines which facts are material, *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986), and the Court must view these facts and the inferences to be drawn from them in the light most favorable to the party opposing the motion. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587-88 (1986) (*citing United States v. Diebold, Inc.,* 369 U.S. 654, 655 (1962)); *Kelley v. Price Macemon, Inc.,* 992 F.2d 1408, 1413 (5th Cir. 1993); *Reid v. State Farm Mut. Auto. Ins. Co.,* 784 F.2d 577, 578 (5th Cir. 1986).

The party moving for summary judgment bears the initial burden of showing an absence of evidence to support the non-moving party's case. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-27 (1986). Once this burden has been met, the non-moving party can resist the motion for summary judgment by making a positive showing that a genuine dispute of material fact does indeed exist and that it consists of more than bare allegations in briefs and pleadings. *Anderson*, 477 U.S. at 250. The non-movant must go beyond the pleadings and designate specific facts showing that there is a genuine issue of material fact for trial. *Celotex*, 477 U.S. at 325. "This burden is not satisfied with some metaphysical doubt as to the material facts, by conclusory allegations, by unsubstantiated assertions, or by only a scintilla of evidence." *Little v. Liquid Air Corp.,* 37 F.3d 1069, 1075 (5th Cir. 1994). Once the parties have submitted evidence of contradictory facts, justifiable inferences are to be drawn in the light most favorable to the non-movant. *Anderson*, 477 U.S. at 255.

Even if the standards of Rule 56 are met, a court may deny a motion for summary judgment if, in its discretion, it determines that "a better course would be to proceed to a full trial." *Anderson*, 477 U.S. at 257; *Veillon v. Exploration Services, Inc.*, 875 F.2d 1197, 1200 (5th Cir. 1989).

IV.     **Discussion**

   A.     **Civil Rights Claims**

Silcox alleges violations of the U.S. Civil Rights Act, 42 U.S.C. §§ 1983, 1985, and 1986. In order to prevail on a civil rights claim, a plaintiff such as Silcox must show that Defendants acted "under color of state law." *American Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40 (1999); *Lugar v. Edmondson Oil Co.*, 457 U.S. 922 (1982); *Blum v Yaretsky*, 457 U.S. 991 (1982); *Flagg Bros. V Brooks*, 436 U.S. 149 (1978). "The under-color-of-state-law element of §1983 excludes from its reach merely private conduct, no matter how discriminatory or wrongful." *Sullivan*, 526 U.S. at 50 (internal quotations omitted). In arguing that there is no state action in this case, Defendants ask the Court to take notice of the fact that no governmental entities or public officials are defendants in this action. Defendants further submit affidavits demonstrating each is a private entity. *See* Exhibits A-D to Defendants' Motion for Summary Judgment (Document No. 37).

The Supreme Court has recognized several tests to determine whether seemingly private conduct may be charged to the state, including the public function, state compulsion, nexus, and joint action tests. *See Lugar*, 102 S. Ct. at 2754-55. Under the public function test, a private entity acts under color of state law when the entity performs a function "exclusively reserved to the state." *Flag Bros.*, 436 U.S. at 157-58. Under the state compulsion test, the state may be responsible for private acts only where "coercive power... or significant encouragement, either covert or overt" is exercised

by the state. *Blum v. Yaretsky*, 457 U.S. 991, 1004 (1982). Under the nexus or joint action test, Plaintiff must show the state has "so far insinuated itself into a position of interdependence with the [private actor] that it was a joint participant in the enterprise." *Jackson v. Metropolitan Edison Co.*, 419 U.S. 345, 357-58 (1974).

In this case, there is no summary judgment evidence that Defendants' business of renting and managing apartment complexes is exclusively reserved to the state. Furthermore, there is no summary judgment evidence that there exists any state coercive power or encouragement in this case, and no summary judgment evidence that there exists any state participation or interdependence with the Defendants. Because Plaintiff has failed to proffer any evidence showing Defendants acted "under color of state law" in order to support a claim for violation of 42 U.S.C. §§ 1983, 1985, and 1986, summary judgment is warranted on Plaintiff's claims under 42 U.S.C. §§ 1983, 1985, and 1986.[2]

### B. Fair Housing Act Claims

In order to prevail on a claim for violation of the Fair Housing Act, a plaintiff such as Silcox must establish a *prima facie* case by adducing evidence (1) that she attempted to enter into a real estate transaction with Defendants, (2) that she has standing, (3) that Defendants discriminated against her, and (4) that she suffered an actual injury. Defendants maintain that there is no summary judgment evidence that supports any element of this *prima facie* case.

In response to Defendants' Motion for Summary Judgment, Plaintiff restates and expands on the allegations contained in her Original and Amended Complaint. Plaintiff has not, however,

---

[2] As for Plaintiff's argument in response to Defendant's Motion for Summary Judgment that state action is not required to sustain a claim under 42 U.S.C. § 1981, that argument has no applicability given Plaintiff's failure to assert a claim, in her Original or Amended Complaint, under 42 U.S.C. § 1981.

5

submitted *any* summary judgment evidence in support of her claims. In particular, Silcox has not come forth with any summary judgment evidence that she suffered an injury in fact "fairly traceable to the challenged action of the defendant, and not the result of the independent action of some third party not before the court", *James v. City of Dallas*, 254 F.3d 551, 564 (5th Cir. 2001);[3] that Defendants made unavailable or denied housing on a prohibited basis; that she was denied services at the apartment complex, or was provided services under less favorable circumstances, due to her race; that different lease terms were not made available to her because of her race; that she was denied housing due to her religious beliefs; or that Defendants failed to provide reasonable accommodations due to her handicap.[4]

Because Plaintiff has not come forth with any summary judgment evidence in support of a prima facie case of discrimination under the Fair Housing Act, Defendants are entitled to summary judgment on Plaintiff's Fair Housing Act claims.

---

[3] Under § 3617, the FHA "does not impose a code of civility among neighbors." *Reule v. Sherwood Valley I Council of Co-Owners*, 2005 WL 2669480 at 4 (Oct. 19, 2005 slip opinion) (citing *Sporn v. Ocean Colony Condominium Ass'n*, 173 F.Supp.2d 244, 251 (D.N.J.2001)).

[4] Silcox admits a handicap space was made available for her use. Harassment by other tenants for her use of the handicap parking space does not satisfy the requirements for proving a violation under the FHA.

## V. Conclusion and Order

Based on the foregoing, and the absence of any summary judgment evidence to support any of Plaintiff's claims, it is

ORDERED that Defendants' Motion for Summary Judgment (Document No. 37) is GRANTED, and summary judgment is GRANTED in favor of Defendants on all the claims alleged by Plaintiff M. M. Silcox.

Signed at Houston, Texas, this 31st day of November, 2005.

Frances H. Stacy
United States Magistrate Judge